# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAY AINSWORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-CV-0343-CVE-JFJ |
| | ) |
| C. HORN and J. ROADY, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is plaintiff's complaint (Dkt. # 1) and plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit (Dkt. # 2). Plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleading liberally. See, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). On June 25, 2019, plaintiff filed this case alleging that his wrists were bruised and cut when he was taken into custody by police in Parkland, Texas. He states that he "previously reside[d]" in Tulsa, Oklahoma, and the defendants are employed as police officers in Texas. Dkt. # 1, at 1. Plaintiff's complaint is somewhat rambling, but it appears that he was visiting his brother-in-law at a hospital in Parkland and he did not believe that his brother was receiving appropriate treatment. Id. at 2-4. Plaintiff states that he was approached by a police officer after a nurse reported that plaintiff was running through the halls without wearing a shirt. Id. at 4. The police officer gave plaintiff a warning and left. Id. A second incident occurred in which a nurse reported to police that plaintiff was masturbating in his brother-in-law's hospital room, and police detained plaintiff for disorderly conduct. Id. at 5. Plaintiff was placed in handcuffs and taken to a different room while police invested the allegations concerning plaintiff's conduct. Id. Plaintiff was

released without being charged with a crime, but he claims that his wrists were "bleeding and bruised" from the handcuffs. Id. at 6.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

The Court initially notes that none of the events alleged in the complaint occurred in the Northern District of Oklahoma, and this Court is not an appropriate venue for this case. Plaintiff has also not alleged that defendants are subject to personal jurisdiction in Oklahoma, and it does not appear that the Court has any basis to exercise personal jurisdiction over defendants. As to subject matter jurisdiction, plaintiff's complaint does not contain any allegations concerning the basis for federal subject matter jurisdiction. The parties are diverse but plaintiff has not alleged an amount

in controversy, and the Court cannot exercise diversity jurisdiction over this case. Plaintiff appears to be alleging a claim based on the use of excessive force during his arrest, and he could be attempting to bring a claim under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must show that his constitutional rights were violated by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). The Tenth Circuit has found that de minimus injuries associated with handcuffing are generally insufficient to support an excessive force claim, and plaintiff's allegations would not support an inference that his constitutional rights were violated by defendant's conduct. Cortez v. McCauley, 478 F.3d 1108 (10th Cir. 2007). Thus, plaintiff has not stated a plausible claim under § 1983. The Court finds no basis to exercise federal question jurisdiction over this case, and plaintiff's claims should be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that the complaint (Dkt. # 1) is hereby **dismissed without prejudice**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit (Dkt. # 2) is **moot**.

**DATED** this 12th day of July, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE